UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 1:CR-05-019 |
| | ) (Chief Judge Kane) |
| v. | ) |
| | ) |
| **ELDEN PIERRE HANNAH** | ) |

**REPLY BRIEF IN OPPOSITION TO
THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

**I.   STATEMENT OF THE CASE**

On December 30, 2004, a criminal complaint was filed in the Middle District of Pennsylvania, charging the defendant with criminal conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The defendant was arrested that same day in Ellenwood, Georgia. Agents with the DEA advised him of his Miranda rights from a DEA Form 3A. Special Agent Terrence Brown asked the defendant if he understood his rights and the defendant answered, "yes." Special Agent Brown then asked the defendant if he would answer questions and the defendant again answered "yes." While transporting the defendant to the Atlanta Detention facility, Special Agent Brown and the defendant engaged in casual conversation. Special Agent Brown explained to the defendant that DEA agents from Pennsylvania, South Carolina and Florida were conducting an investigation into the defendant's association with the known drug traffickers, and if the defendant was indeed the person the agents were looking for, then it would be in the defendant's best interest to cooperate with law enforcement officers. As the agents were leaving the detention facility, the defendant called out to them and said, "I would like to talk to you." The defendant explained that he would like to help himself and give Special Agent Brown

information about individuals involved in drug trafficking. The defendant then went on to give a lengthy statement to the agents which the defendant now seeks to suppress. That same day, the defendant, as part of his cooperation with the agents, made arrangements to obtain multiple kilograms of cocaine from co-defendant Reyes Duarte Maldonado. On December 31, 2004, agents arranged to remove the defendant from the Atlanta detention facility to pick up the kilograms of cocaine from Maldonado. The defendant, utilizing Special Agent Brown's cell phone, made a series of telephone calls to Maldonado to arrange to pick up the cocaine. The agents then drove Hanna to apartments in Lawrenceville, Georgia where he eventually met with Maldonado and obtained six kilograms of cocaine which were then turned over to DEA agents. Several days later, the agents arrested Maldonado when he met with them presumably to collect the money that the defendant was supposed to gather to pay for the cocaine.

## II.     ISSUES

### A.     SHOULD THE EVIDENCE RECOVERED FROM THE DEFENDANT'S RESIDENCE IN SOUTH CAROLINA PURSUANT TO A SEARCH WARRANT BE SUPPRESSED?

Defendant seeks to have suppressed evidence that was seized pursuant to a search warrant from his residence in Conway, South Carolina. The search of that residence resulted in the seizure of over 500 grams of cocaine, a digital scale, 20 rounds of .9 mm ammunition, as well as miscellaneous papers. Defendant claims there was no probable cause to search the defendant's residence, that there was no nexus between the alleged criminal activity and the place to be searched, and that the "good faith" exception should not apply in this instance because the warrant was so defective

that law enforcement officers could not reasonably rely on it.

The United States, while not conceding to or agreeing with any of the defendant's arguments in this regard, does not intend to introduce any evidence that was seized from the defendant's residence in Conway, South Carolina.

**B.    WAS THE DEFENDANT'S CONFESSION TO AUTHORITIES VOLUNTARY AND GIVEN OF HIS OWN FREE WILL?**

The defendant claims that his confession to authorities after his arrest was not voluntary and was the result of inducements that overcame his free will, so much so that his confession should be suppressed. His claim is premised upon the representation made by an agent with the DEA to the defendant that it would be in his best interest to cooperate with law enforcement officers.

The defendant appears to place great weight on the decision of the United States Supreme Court in Bram v. United States, 168 U.S. 532 (1897). In particular, the defendant cites to a portion of that opinion where the Court states the following:

> A confession can never be received in evidence where the prisoner has been influenced by any threat or promise; for the law cannot measure the force of the influence used, or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted.

Id. at 542-543.

The reliance upon this statement in Bram is misplaced. Both the Third Circuit Court of Appeals and the Supreme Court have clearly treated such promises as part of the totality of the circumstances. To determine the voluntariness of a confession, the court must consider the effect that the totality of the circumstances had upon the will of the defendant. Miller v. Fenton, 796 F.2d 598, 604 (3d Cir. 1986). See also Arizona v.

Fulminante, 499 U.S. 279, 285, 111 S.Ct. 1246, 113 L.Ed. 2d 302 (1991).  The court in Miller observed, "it is clear that this passage from Bram...under current precedent does not state the standard for determining the voluntariness of a confession...."  See Miller, 796 F.2d at 608.

In United States v. Griggie, 105 Fed.Appx. 431 (2004), the Third Circuit, in a non-precedential opinion, summarized the state of the law in this area when it affirmed the holding of Judge Caldwell that the confession made by an individual after being promised he would be free to leave after speaking to the police did not render his confession involuntary.  In summarizing the law, the Griggie court said the following:

> We have emphasized that the totality of the circumstances approach 'is not a but-for test: we do not ask whether the confession would have been made in the absence of the interrogation.  Miller, 796 F.2d at 604.  Rather, we recognize that the police may use psychological tactics in order to obtain a confession and the question to be answered when such tactics are used is whether they 'were so manipulative or coercive that the deprive [the suspect] of his ability to make an unconstrained, autonomous decision to confess.'  Id. 605.  Psychological ploys by the police 'may play a part in the suspect's decision to confess, but so long as that decision is a produce of the suspect's own balancing of competing considerations, the confession is voluntary.'

Griggie, 105 Fed. Appx. at 435-36.

Circumstances to which the court looks in deciding the effect of any direct or implied promise upon the voluntariness of a suspect's confession include the length of the interrogation, its location, its continuity, the defendant's maturity, education, physical condition, mental health, the failure of the police to advise the defendant of his rights to remain silent, and have counsel present during custodial interrogation.  See United States v. Swint, 15 F.3d 286 (3d Cir. 1994).  The government has the burden of proving

by only a preponderance of the evidence that the defendant's confession was voluntarily given.  Miller, supra, at 8604.  Coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the 14th Amendment or the 5th Amendment.  See Colorado v. Connelly, 479 U.S. 157 (1986).

Other circuit courts that have looked at the question of whether a promise of leniency is coercive have concluded that, standing alone, it is insufficient to constitute a Fifth Amendment violation.  See United States v. Byram, 145 F.3d 405, 407 (1st Cir. 1998); United States v. Gaines, 295 F.3d 293, 299 (2nd Cir. 2002)(statement voluntary despite agents' promise to make defendant's cooperation known to prosecutor and judge); United States v. Broussard, 80 F.3d 1025, 1034 (5th Cir. 1996)(confession voluntary despite officer's promise to make defendant's cooperation known to U.S. Attorney); Simmons v. Bowersox, 235 F.3d 1124, 1132-34 (8th Cir. 2001)(confession voluntary though officer told defendant he would receive death penalty or life imprison and that it would be in defendant's 'best interest' to tell the truth, because defendant stated on videotape he knew his rights and police had not coerced him); United States v. Okafor, 285 F.3d 842, 847 (9th Cir. 2002)(confession voluntary though Customs agent told defendant cooperation could help him avoid lengthy prison sentence); See generally, 35 Geo.L.J.Ann.Rev.Crim.Proc. 2006 at p. 184, fn. 591.

It is the position of the United States that the statement to the defendant that it would be in his best interest to cooperate was true and did not render his otherwise voluntary statement involuntary, particularly after the defendant was advised of his Miranda rights and waived them.

## IV. CONCLUSION

**WHEREFORE**, it is respectfully requested that this Court convene a hearing to take testimony on the question of whether or not the defendant's confession was voluntarily given.

                                          Respectfully submitted,

                                          THOMAS A. MARINO
                                          UNITED STATES ATTORNEY

                                          /s/ WILLIAM A. BEHE

                                          _____
                                          WILLIAM A. BEHE
                                          Assistant U.S. Attorney
                                          228 Walnut Street
                                          P.O. Box 11754
                                          Harrisburg, PA 17108
                                          717/221-4482 (Office)
                                          717/221-2246 (Fax)
                                          WILLIAM.BEHE@USDOJ.GOV
                                          Bar No. PA-32284

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.  1:CR-05-019 |
| ) | **(Chief Judge Kane)** |
| v.                                         ) | |
| ) | |
| **ELDON PIERRE HANNA**          ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 3rd day of October 2006, she served a copy of the attached

**REPLY BRIEF IN OPPOSITION TO**
**THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):

John F. Yaninek, Esquire
Mette, Evans and Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110
Email: jfyaninek@mette.com

/s/ CYNTHIA A. ZIMMERMAN
_____
   CYNTHIA A. ZIMMERMAN
   Legal Assistant