IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | No. 1:05-CR-019 |
| v. | : | |
| | : | (Hon. Yvette Kane, |
| ELDEN P. HANNAH, | : | U.S.D.J.) |
| Defendant | : | |

FILED
HARRISBURG, PA
NOV 14 2006
MARY E. D'ANDREA, CLERK
Per _____

PRO SE MOTION TO REMOVE COUNSEL
DUE TO INEFFECTIVE ASSISTANCE

**COMES NOW,** by and though pro se motion respectfully moves this Court to remove Counsel, due to this Ineffective Assistance Claim, I'm filing today to Your Honorable Court on October 17, 2006.

Your Honor, I come to you today pro se filing this motion due to "misrepresentation" of counsel. Although a defendant has No Sixth Amendment right to file a pro se motion when he is represented by counsel, an District Court may accept the motion, and consider the claim contained therein. See **Hayes v. Hawes, 921 F.2d 100, 102 (7th Cir. 1990).**

I'm complaining that undersigned counsel disagree with eveything I've asked him to handle. For example, I've insisted that he prepare for trial, but he keep pushing a plea agreement for me to sign, I wanted undersigned counsel to obtain copies of Grand Jury minutes from co-defendants as well as other witnesses. By this time, the relationship between me, and undersigned counsel has "soured" to the point that, I clearly do not want undersigned counsel to represent me (as evidenced by me filing of this pro se motion to Dismiss Due To Ineffective Counsel). I believe undersigned counsel has been "ineffective" and I, deserves to have counsel in whom he has confidence and respect, particularly in the coming of trial, and it would appear **unfair**, and against the interests of justice to deny this pro se motion to obtain new legal representation. Under **Strickland v. Washington, 466 U.S. 668 (1984).** I have a constitutional right to fair and competent representation with an attorney with whom he will respect, and in whom he will have confidence.

The fore going reasons is what I'm expressing to you pro se, due to my Ineffective Assistance Claim I will like for you to grant. Strickland has establish that there is reasonable probability that, counsel's **unprofessional** errors the results of the processing would have been different.

Here are the following reasons for my Ineffective Assistance Of Counsel Claim:

### (A) Failure to investigate or prepare for trial:

(1) In general.

(2) Expert witnesses.

(3) Character witnesses.

(4) Potentially corrobarating witnesses.

(5) Defeandant's background and/or priors.

(6) Co-defendant's background.

(7) Discovery materials JENCKS/BILL OF PARTICULAR.

(8) Mitigating evidence.

(9) Exculpatory evidence.

(10) Information given to the attorney for defendant by prosecutor.

(11) Scene of the crime.

(12) Failure to listen to the defendant's version of the case.

### (B) Plea Bargaing & Related Issues:

(1) Failure to communicate a plea offer.

(2) Failure to give defendant a copy of the plea offer.

(3) Never explaining or gave the defination of a proffer session, or its advantages and disadvantages.

(4) He promise to take care of a prior conviction, due to the filing of a coram nobis, back in February 2005, still not done, and seem to have no interest in at this point, which would have taken the one prior conviction off my record.

(5) I received 3rd plea agreement form South Carlina on October 13, 2006, which was sent to attorney on June 23, 2006. On October 15, 2006, I was told over telephone at Perry County Prison all plea's were off the table trial is a must now.

(6) Gave me tracnscripts of recorded conversations entered as evidence by government, never would let me hear them, even though he has obtained them.

### (C) Erroneous Advice To Induce Acceptance Of The Plea Agreement:

(1) Lying to the defendant.

(2) Improper pressure on defendant to plea guilty.

### (D) Attorney Personal Problems:

(1) Lack of devotion to the interests of the accused.

(2) Attorney client relationship no longer viable.

### (F) Fraudulent Representation:

Finally I realized that my attorney is Ineffective. It is neither **unfair** nor **unjust**, to hold me to his solemn representation. The constitutional requirement of ineffective assistance of counsel is intended, however to gurantee a disposition of defendant's case, not to ensure that he is able to drive the hardest possible plea bargain with the government. These I argue here is enough to establish prejudice against my attorney. See **United Staes v. Arvanitis**, 902 F.2d 489, 495 (7th Cir. 1990).

Enclosing this Honorable Court should grant leave to undersigned counsel for me and appoint another attorney, who might be more acceptable to represent me under the Criminal Justice Act.

                                       Respectfully submitted,

                                       **Elden P. Hannah**
                                       pro se motion

                                       **Elden P. Hannah**
                                       **Perry County Prison**
                                       **P.O. Box 520**
                                       **New Bloomfield, Pa 17068**

**Date October 17, 2006**

KennethRavenell ESQ,
The World Trade Center,suite 1800
401 East Pratt Street
Baltimore, Maryland 21202

**November 10, 2006**

      This letter serves as a written notice to you on my behalf, of you being my legal counsel, which at this time is no longer needed as I acknowledged you on Nov.9th,2006 at 9:00p.m. on the telephone as you continually and repeatedly lied to me as you normally attempt to do.  You haven't done anything in my case at all which you promise to do,which was the reason for me to hire you in my best interest. Which at this time as I told you on the phone,that I want my money reimbursed. 35 to 45 at the least out of the 65 thousand that you were paid. Or I'll have to start with my PA & MD Barr Assoc. grievances against you and your firm, and associated firms which also acted in your behalf, in your fraudulent and ineffective assistaance of counsel. I will be expecting to recieve this payment within the next 14 days from day of recieving this notice. Then at which time I will also begin my civil suit as well. Check should be sent to me at Perry County Prison P.O.Box 520 New Bloomfield PA 17068 in care of Elden P. Hannah. Throughout this all I still will not loose my faith, as it said " place your faith in God not man", may God bless you and give you a better understanding of profession, this is not a game it's poeple's lives which you're playing with.  As I told you from day one, if you can't represent me with the attitude of me being your son and you want me home for the holidays, and doing your job wholeheartedly don't represent me then. Your response, "sure I will, no problem!". You haven't came close to that at all. So let's clear up this matter as soon as possible, so I can go on with my life or what's left of it, do to your action in my case.

                                          Sincerely,

                                          Elden P.Hannah.






Elden P. Hannah (1:05-CR-019)

RETURN RECEIPT REQUESTED

CERTIFIED MAIL
7006 0810 0003 6833 1624

U.S. POSTAGE PAID
NEW BLOOMFIELD, PA 17068
NOV 13 06
$4.88
0005594I-09

U.S. District Court
P.O. Box 605
Harrisburg, PA
17108-0805